UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ANALIA MARIELA QUINONES,

    Plaintiff,

vs.

HOMELAND PATROL CORPORATION, a
Florida Profit Corporation, and MIRTHA CORDERO,
individually

    Defendants.
_____/

## COMPLAINT

Plaintiff ANALIA MARIELA QUINONES, (hereinafter "Plaintiff") by and through her undersigned attorney hereby sues Defendants, HOMELAND PATROL COPRORATION, (hereinafter "HOMELAND PATROL") a Florida profit corporation, and MIRTHA CORDERO, individually (hereinafter "CORDERO") (collectively, "Defendants") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid wages and unpaid overtime committed by Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the United States Court for the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida;

1

pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

## PARTIES

4. Plaintiff at all times pertinent to this Complaint, resided within the Southern District of Florida. Plaintiff is over the age of eighteen and otherwise sui juris.

5. Plaintiff was employed by Defendants as a security guard from July 28, 2021 through January 2022. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. HOMELAND PATROL is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. HOMELAND PATROL has its principal place of business in Miami, Florida.

7. HOMELAND PATROL has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

8. HOMELAND PATROL is an "employer" as defined by 29 U.S.C. §203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that it has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

9. Specifically, HOMELAND PATROL is a company of integrated security services, which offers private security in the areas of Asset Protection and Personnel Security. HOMELAND PATROL offers services such as systems integration, uniformed security officers, electronic security, investigations, consulting, and employment background verification.

10. At all times material to this Complaint, HOMELAND PATROL, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials

that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

11. Upon information and belief, HOMELAND PATROL also sells uniforms online which are shipped to it from outside of Florida and sold nationwide.

12. HOMELAND PATROL upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

13. Defendant CORDERO is a corporate officer of and/or owner, and exercised operational control over the activities of, HOMELAND PATROL.

14. Defendant CORDERO acted directly in the interest of her company, HOMELAND PATROL. Upon all available information, CORDERO controlled the manner in which Plaintiff performed her work, and the pay she was to receive.

15. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

**GENERAL ALLEGATIONS COMMON TO ALL COUNTS**

16. Plaintiff was a non-exempt employee of Defendants and was subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this Complaint.

17. Plaintiff was employed by Defendants as security guard from July 28, 2021 through to January 2022.

18. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

19. During the course of her employment, Plaintiff worked 6-12 hour shifts, 7 days a week. Plaintiff earned $10/hour. However, Plaintiff was not compensated at time and half her regular rate for any of her hours over 40 in a work week.

20. A review of the records in which Plaintiff has in her current possession, custody, and control reflect that Plaintiff was issued a company check compensating her at her regular hourly rate for all hours worked.

21. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

22. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

23. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

24. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME
## against HOMELAND PATROL CORPORATION

25. Plaintiff, re-alleges and reaffirms paragraphs 1 through 24 as if fully set forth herein.

26. During the relevant time of Plaintiff's employment, HOMELAND PATROL has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times their regular rate.

27. Specifically, Plaintiff regularly worked 70-84 hours during each workweek she was employed by Defendants, but upon information and belief, was only paid straight time for her overtime hours.

28. 29 U.S.C. § 207 (a)(1) states, "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

29. HOMELAND PATROL is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). HOMELAND PATROL'S business activities involve those to which the FLSA applies.

30. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

31. HOMELAND PATROL has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during her employment.

32. By reason of the said intentional, willful and unlawful acts of HOMELAND PATROL, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

33. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

34. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from HOMELAND PATROL.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against HOMELAND PATROL:

A. Adjudge and decree that HOMELAND PATROL has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

**COUNT II**
**VIOLATION OF FLSA/OVERTIME**
**against MIRTHA CORDERO**

35. Plaintiff, re-alleges and reaffirms paragraphs 1 through 24 as if fully set forth herein.

36. At the times mentioned, Defendant CORDERO was, and is now, the president of corporate Defendant, HOMELAND PATROL.

37. CORDERO was an employer of Plaintiff within the meaning of Section 3(d) of the "FLSA" [29 U.S.C. § 203(d)], in that CORDERO acted directly in the interests of HOMELAND PATROL in relation to its employees including Plaintiff.

38. Specifically, CORDERO supervised Plaintiff, determined her day-to-day schedule, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all

pertinent times hereto.

39. CORDERO had operational control of the business and is thus jointly liable for Plaintiff's damages.

40. Defendant CORDERO willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against CORDERO:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

SPACE INTENTIONALLY LEFT BLANK

## **DEMAND FOR JURY TRIAL**

Plaintiff, MARIELA QUINONES demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: April 29, 2022                             **PEREGONZA THE ATTORNEYS, PLLC**

                                                1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: /s/ Juan J. Perez
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com