UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:22-CV-21343-COOKE

ANALIA MARIELA QUINONES,

    Plaintiff,
vs.

HOMELAND PATROL CORPORATION, a
Florida Profit Corporation, and MIRTHA CORDERO,
individually

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, ANALIA MARIELA QUINONES, (hereinafter, "Plaintiff") and Defendants, HOMELAND PATROL CORPORATION and MIRTHA CORDERO (hereinafter collectively "Defendants") by and through their respective undersigned counsel and pursuant to Local Rule 7.1, Local Rules for the United States District Court Southern District of Florida, hereby file this Joint Motion for Settlement Approval and Dismissal with Prejudice of Plaintiff's Complaint, and state the following in support thereof:

1. Plaintiff filed the instant action seeking to recover unpaid overtime wages, liquidated damages, attorneys' fees and costs from Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA") and for bad check.

2. Defendants deny any wrongdoing under the FLSA and maintain that Plaintiff was properly compensated. However, to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement in this matter. Specifically, the Parties entered into Settlement Agreements and General Release (the "Settlement Agreement"), whereby all the pending claims in this cause have been fairly and fully resolved.

3. The settlement agreement at bar was the negotiated result of an adversarial proceeding which the Court should consider as an indication of its fairness. The range of recovery in this case was threatened by significant obstacles, including the dispute over hours worked. Finally, counsel for both Parties agree this settlement is eminently fair and reasonable given the factual and legal disputes discussed in this Motion.

4. The Settlement Agreement between Plaintiff and Defendants evidence that they reached a fair and reasonable resolution of a bona fide dispute. The parties jointly agree that the terms of their settlement are appropriate in light of all of the facts and legal standards applicable in this case, and both the cost of protracted litigation and the risk of each side winning or losing was taken into account in the parties agreeing upon the resolution memorialized in their Settlement Agreement and Release.

## **MEMORANDUM OF LAW**

5. In the Eleventh Circuit, in order to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350 (11th Cir. 1982). To approve the settlement, the court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id*. at 1354. If the settlement meets the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*; *see also Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977).

6. Pursuant to Eleventh Circuit precedent, judicial review and approval of a compromise of a Plaintiff's FLSA claims provides final and binding effect. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350. The proposed settlement arises out of an action, which was adversarial

in nature, brought by the Plaintiff against her former employers. During the litigation and ensuing settlement of this action Plaintiff and Defendants have at all times been represented by competent counsel experienced in the litigation of FLSA claims and the foregoing represents a reasonable compromise of Plaintiff's FLSA claim. Likewise, Defendants are limiting the expenses associated with further litigation of Plaintiff's FLSA claim if the defense of Plaintiff's FLSA claim was to have continued in this Action.

7. The Settlement Agreement was negotiated on behalf of all of the parties, the terms of which reflect a reasonable compromise of the parties' many disputed issues. The agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.The Parties submit their Settlement Agreement for review by the Court in this case. The settlement agreement attached to this motion (**Exhibit "A"**), includes every term and condition of the Parties' settlement.

8. Plaintiff's attorneys' fees and costs were compromised, agreed upon separately and without regard to the amount paid to Plaintiff and, therefore, the lodestar approach is inapplicable.[1] Settlement and compromise of fees in this manner furthers the public policy of encouraging early settlement. The settlement takes into account the uncertainty of trial and other factors weighing for and against Plaintiff; the amount payable to Plaintiff is fair and equitable taking into account all factors.

---

[1] The lodestar approach to calculating attorneys' fees is inapplicable when fees and costs are agreed upon separately and without regard to the amount paid by Plaintiff. *Colon v. Kissimmee B-Logistic Service, Inc.*, 2016 WL 3147583, at *1 (M.D. Fla. May 16, 2016); *Carlan v. Patriot Residential Partners, LLC*, 2011 WL 2357623 (M.D. Fla. May 17, 2011)(when attorney's fees are negotiated separately from the payment to plaintiff, an in depth analysis of the reasonableness of the fees is not necessary unless the unreasonableness is apparent from the face of the documents)(internal quotations omitted) citing *King v. My Online Neighborhood, Inc.*, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007). Settlement and compromise of fees in this manner furthers the public policy of encouraging early settlement.

9. The attorney's fees and costs have been negotiated and will be paid separately from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that she accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. Plaintiff's counsel are experienced labor and employment attorneys, and who are known in the South Florida legal community for performing respectably in labor and employment matters.[2] According to the terms of the Agreement for Representation, Plaintiff's attorneys are allowed to bill an hourly rate for their time.[3]  While it is unknown whether other attorneys had "passed on" the opportunity to represent the Plaintiff, this is the first time that undersigned counsel have represented the Plaintiff in any capacity.

10. The time expended in prosecuting Plaintiff's claims is not duplicative in nature and does not include time for billing for administrative tasks.  Plaintiff's attorney time does include time for attorney conferences and supervision of attorney tasks.  In this action, undersigned counsel met with the client, prepared the complaint, engaged substantive discussions and correspondence with opposing counsel regarding claims and evidentiary matters pertaining to Plaintiff's claims. Plaintiff's counsel, as part of a negotiated settlement, has reduced their fee.

11. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

12. The terms of the Settlement Agreement are contingent upon approval by the Court.  Thus, the parties respectfully request that the Court approve their settlement and issue an Order

---

[2] Nathaly Saavedra has previously been awarded $310.00/hour.
[3] A copy of the attorney's hourly records is attached hereto as Composite Exhibit B.

4

dismissing this action with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the parties.

WHEREFORE, the parties respectfully request that the Court review the Settlement Agreement and then enter an Order approving the terms of the settlement of the instant action, and dismissing this action in its entirety, with prejudice, but retaining jurisdiction, as necessary, to enforce the Settlement Agreement entered into by the parties.

Dated: August 12, 2022                                         Respectfully Submitted,

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200
Email: nathaly@peregonza.com

/s/Emmanuel Perez
Emmanuel Perez, Esq.
Fla. Bar No. 586552
E-Mail: courtmail@lawperez.com
EMMANUEL PEREZ & ASSOCIATES, P.A.
901 Ponce De Leon Blvd, Suite 101
Coral Gables, FL 33134
Tel.: (305) 442-7443
Fax: (305) 441-9218

*Counsel for Defendants*

5

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 12, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/Nathaly Saavedra
Nathaly Saavedra, Esq.

**SERVICE LIST**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO.:** 22-CV-21343-COOKE

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
E-mail: nathaly@peregonza.com
Secondary E-mail: stephanie@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290,
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

*Counsel for Plaintiff*

Emmanuel Perez, Esq.
Fla. Bar No. 586552
E-Mail: courtmail@lawperez.com
EMMANUEL PEREZ & ASSOCIATES, P.A.
901 Ponce De Leon Blvd, Suite 101
Coral Gables, FL 33134
Tel.: (305) 442-7443
Fax: (305) 441-9218


Attorney for Defendants

Method of Service: CM/ECF Notice