UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-21343-COOKE/DAMIAN

ANALIA MARIELA QUINONES,

    Plaintiff,

vs.

HOMELAND PATROL CORPORATION,
*a Florida Profit corporation*, and MIRTHA E.
CORDERO,

    Defendants.
_____/

**ORDER GRANTING JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE [ECF NO. 29]**

THIS CAUSE is before the Court on Plaintiff, Analia Mariela Quinones's ("Plaintiff"), and Defendants, Homeland Patrol Corporation and Mirtha Cordero's (collectively, "Defendants"), Joint Motion for Approval of the Parties' Settlement Agreement and Dismissal with Prejudice (the "Joint Motion"). [ECF No. 29]. This matter is before the Court upon the parties' Consent to Proceed Before a United States Magistrate Judge. [ECF No. 32]. *See* 28 U.S.C. § 636(c).

THE COURT has considered the parties' Joint Motion, the proposed FLSA Settlement Agreement [ECF No. 29-1], the pertinent portions of the record and relevant legal authorities, and heard from the parties, through counsel, who appeared by Zoom for a Fairness Hearing on September 12, 2022, and is otherwise fully advised in the premises. For the following reasons, the parties' Joint Motion is granted, the FLSA Settlement Agreement is approved, the case is dismissed with prejudice, and the Court retains jurisdiction to enforce the terms of the agreement.

I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 29, 2022, Plaintiff filed a two-count Complaint alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for unpaid wages and unpaid overtime wages against Defendant Homeland Patrol Corporation (Count I) and Defendant Mirtha Cordero (Count II). *See* ECF No. 1 (the "Complaint").

According to the allegations in the Complaint, Plaintiff was employed by Defendants as a security guard from July 28, 2021, through January 2022. *See id.* at ¶¶ 5, 17. Plaintiff alleges that, throughout her employment with Defendants, she worked 6-to-12-hour shifts, 7 days a week at a rate of $10 per hour but that she was not paid overtime wages for the hours she worked in excess of forty (40) hours per week. *Id.* at ¶ 19. Specifically, Plaintiff alleges in the Complaint that she regularly worked 70–84 hours during each workweek. *Id.* at ¶ 27.

In the Statement of Claim filed on May 25, 2022, Plaintiff alleges she is owed, at a minimum, $16,583.20 in unpaid wages,[1] plus an equal amount in liquidated damages, and $3,840.00 in unpaid overtime wages calculated from July 28, 2021, through January 16, 2022, or a period of twenty-four (24) weeks based on a 72-hour workweek. [ECF No. 6]. Therefore, the total amount Plaintiff alleged in the Statement of Claim is $37,006.40, inclusive of unpaid wages, unpaid overtime wages, and liquated damages. *Id.*

On August 5, 2022, Plaintiff filed a Notice of Settlement. [ECF No. 26]. That same day, the Court entered an Order directing the parties to submit their proposed settlement agreement for review and approval and entered a separate Order administratively closing the case. [ECF Nos. 27 and 28]. On August 12, 2022, the parties submitted the Joint Motion now before the Court seeking approval of their proposed settlement agreement, pursuant to *Lynn's*

---

[1] It is unclear from the Statement of Claim how Plaintiff calculated this figure.

*Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and dismissal of the action with prejudice and requesting the Court retain jurisdiction to enforce the terms of the settlement agreement. *See* Joint Motion, at 4–5.

In the Joint Motion, Defendants deny any wrongdoing under the FLSA and maintain that Plaintiff was properly compensated. *Id.* at ¶ 2. The Joint Motion indicates that although Defendants deny any wrongdoing under the FLSA, the parties negotiated a settlement to avoid the costs and uncertainty of litigation. *Id*. According to the Joint Motion, counsel for both parties agree the proposed settlement represents a fair and reasonable resolution of a bona fide dispute between the parties given their factual and legal disputes concerning this action, including the parties' dispute over the hours worked by Plaintiff. *Id.* at ¶ 3. The Joint Motion also indicates that Plaintiff's attorney's fees and costs were negotiated separately from Plaintiff's claims and that the amount recovered in attorney's fees and costs by Plaintiff's counsel is fair and reasonable. *Id.* at ¶¶ 8–10. Lastly, in the Joint Motion, the parties state that there was no undue influence, overreaching, collusion, or intimidation in reaching the proposed settlement. *Id.* at ¶ 11.

## II.   APPLICABLE LEGAL STANDARDS

Section 206 of the FLSA establishes the federally mandated minimum hourly wage, and Section 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. 29 U.S.C. §§ 206, 207. An employer who knowingly and willfully violates the FLSA is liable to its employee for both unpaid minimum wages or overtime compensation and for an equal amount in liquidated damages. 29 U.S.C. § 216(b). The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived" between employers

and employees. *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 740 (1981). Nevertheless, there two ways in which claims arising under the FLSA can be settled or compromised by employees: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee against his or her employer, if the parties present the district court with a proposed settlement agreement and the district court enters a stipulated judgment after scrutinizing the settlement for fairness. *See* 29 U.S.C. § 216(c); *Lynn's*, 679 F.2d at 1352–53.

The Eleventh Circuit has held that the compromise of FLSA claims is permissible under the following circumstances:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F.2d at 1354. Thus, an employee may compromise a claim if the district court determines that the compromise "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

When evaluating an FLSA settlement agreement, the district court considers both whether the settlement is fair and reasonable to the employee (*i.e.*, "internal" factors), and whether the settlement frustrates the purpose of the FLSA (*i.e.*, "external" factors). Factors considered "internal" include: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the

proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241–44 (M.D. Fla. 2010). There is a "'strong presumption' in favor of finding a settlement fair." *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2 (M.D. Fla. Mar. 18, 2022) (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)). Additionally, "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III. DISCUSSION

With the foregoing in mind, the Court considers the parties' proposed settlement agreement for fairness.

#### A. *The Settlement Amount*

Under the parties' proposed FLSA Settlement Agreement [ECF No. 29-1] (the "Agreement"), Defendants agree to pay Plaintiff the total sum of $4,000.00, inclusive of $2,000.00 for alleged wages and an equal amount in alleged liquidated damages, in satisfaction of her FLSA claims. Agreement, at ¶ 2. Defendants also agree to pay $4,000.00 to Plaintiff's counsel for attorney's fees and costs. *Id.* As indicated above and in the Joint Motion, Plaintiff initially sought $16,583.20 for alleged unpaid wages and approximately $3,840.00 for alleged unpaid overtime wages during the twenty-four-week period of her employment such that the settlement amount is equal to approximately twenty percent (20%) of the alleged unpaid wage amounts originally sought. *See* Statement of Claim. Both parties

are represented by counsel and agree the negotiated settlement amount is fair and reasonable such that there exists no compromise of Plaintiff's FLSA claims. *See* Joint Motion at ¶¶ 3–4, 6–7; *see also* Agreement at ¶ 5.

The Court has scrutinized the terms of the Agreement and considered the above referenced factors and heard from the parties, through their counsel, at a fairness hearing. Based on the parties' representations regarding the alleged FLSA claims, the Court finds the settlement amount represents a fair and reasonable resolution of a bona fide dispute between the parties under all the circumstances presented and that Plaintiff has not unfairly compromised her FLSA claims. The Court also finds the Agreement promotes the policy of encouraging settlement of litigation of FLSA claims. *Lynn's*, 679 F.2d at 1354.

Having found the settlement amount is fair and reasonable, the Court next addresses the specific terms of the Agreement.

### B. *Attorney's Fees and Costs*

As part of the Agreement, Plaintiff's counsel will receive a total of $4,000.00 for attorney's fees and costs. *See* Agreement at ¶ 2. This amount includes $3,500.00 in attorney's fees and $500.00 in costs (*i.e.*, service of process and filing fees). According to the Joint Motion and the Agreement, this amount was negotiated separately from the amount paid to Plaintiff for her FLSA claims. *See* Joint Motion at ¶ 8; Agreement at ¶ 4.

In an FLSA action, the court "shall . . . allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351.

Based on the parties' representation that Plaintiff's attorney's fee was agreed upon separately and without regard to the amount paid to Plaintiff, and finding the Agreement is otherwise reasonable on its face, the Court finds there is no reason to believe that Plaintiff's recovery was adversely affected by the amount of fees paid to her attorney. Therefore, the Court may approve the Agreement without separately considering the reasonableness of the fee paid to Plaintiff's counsel. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

In any event, the Court has reviewed counsel's billing records and finds the amount billed, including the number of hours expended and the hourly rate, is reasonable based on the facts and circumstances of this case. *See* ECF No. 29-2. The Joint Motion indicates that Plaintiff's counsel agreed to a reduced fee award as part of the negotiated settlement. Joint Motion at ¶ 10. The Court may rely on its own experience in determining reasonableness of fees, and the Court does so here. *See Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court, either trial or appellate, is itself an expert on the question [of reasonable hourly rates and hours expended] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940))).

Accordingly, the Court finds the fees and costs to be paid to Plaintiff's counsel pursuant to the Agreement is reasonable and has not adversely affected the amounts paid to Plaintiff for her FLSA claims under the Agreement.

### C. *Other Negotiated Terms*

The Court notes the Agreement does not contain terms that are typically frowned upon by federal courts when analyzing FLSA settlement agreements (*i.e.*, broad general releases, no re-employment and non-disparagement provisions, and confidentiality clauses).[2]

In consideration for the settlement amount, Plaintiff "agrees that [s]he will be ultimately responsible for any income tax or other tax liability, which may be imposed on any amounts paid pursuant to [the payment terms of the] Agreement." Agreement at ¶ 7. The Court finds this provision under Paragraph 7 of the Agreement—regarding the tax treatment of the settlement payment—is reasonable and does not undermine the fairness of the Agreement.

### D. *Retention of Jurisdiction*

In the Joint Motion, the parties request that the Court retain jurisdiction to enforce the terms of the Agreement. Joint Motion at 5. "To retain jurisdiction to enforce a settlement agreement, the court itself must act; agreement by the parties is not enough." *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012). Accordingly, the Court will reserve jurisdiction for thirty (30) days to enforce the terms of the parties' settlement.

---

[2] *See, e.g.*, *King v. Premier Fire Alarms & Integration Sys., Installation Div., Inc.*, No. 20-60064, 2021 WL 7540777, at *1 (S.D. Fla. Dec. 17, 2021) (denying without prejudice joint motion to approve FLSA settlement where "the Agreement contains unbounded and pervasive release provisions" requiring the plaintiff to "release many known and unknown legal claims that have nothing apparent to do with the current FLSA dispute"); *Duffey v. Surfside Coffee Co.*, No. 20-cv-501, 2022 WL 766904, at *4 (M.D. Fla. Jan. 1, 2022) ("[A]n agreement not to employ a plaintiff in the future plainly injures the plaintiff, and when the parties' briefing does not address the issue of additional consideration, courts cannot determine whether the inclusion of such provision in a settlement agreement represents a fair and reasonable resolution of the parties' FLSA dispute.").

## IV. FINDINGS

The Court has considered the factors outlined in *Lynn's Food Stores*; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective positions; and the parties' desires to resolve their disputes without protracted litigation.

As set forth above, the Court finds that the settlement represents a genuine compromise of a bona fide dispute. Defendants, who deny liability, have agreed to pay Plaintiff more than they believe Plaintiff is due under the law. The parties have agreed to settle as a result of reasonable strategic and financial considerations.

The Court also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable and that the amount claimed as payment for Plaintiff's counsel's fees and costs is also reasonable.

## V. CONCLUSION

Accordingly, for the reasons stated above, it is hereby

ORDERED and ADJUDGED that the Joint Motion for Approval of the Parties' Settlement Agreement and Dismissal with Prejudice [ECF No. 29] is **GRANTED**, and the FLSA Settlement Agreement [ECF No. 29-1] is **APPROVED** as fair and reasonable. It is further

ORDERED and ADJUDGED that the case is **DISMISSED WITH PREJUDICE**. All pending motions, if any, are **DENIED AS MOOT**. The Clerk is directed to **CLOSE** this case. It is further

ORDERED and ADJUDGED that this Court reserves jurisdiction for thirty (30) days to enforce the terms of the parties' settlement agreement.

**DONE and ORDERED** in Chambers at Miami, Florida this 12th day of September 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record